**Svetlana SUZDALTSEVA, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–70415.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 10, 2004.

Decided June 21, 2004.

Joseph J. Rose, Law Offices of Joseph J. Rose, New York, NY, P. Joseph Sandoval, Gallagher Sandoval, PC, Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, CAC–District Counsel, Esq., Office of the District Counsel Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel San Francisco, CA, John C. Cunningham, Esq., Jennifer L. Lightbody, DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: T.G. NELSON, TASHIMA, and FISHER, Circuit Judges.

## MEMORANDUM [*]

Petitioner Svetlana Suzdaltseva, a native and citizen of Russia, petitions for review of the Immigration Judge's ("IJ") adverse credibility finding and the IJ's denial of her applications for asylum, withholding of removal, and protection under the Convention Against Torture.[1] We deny the petition.[2] Because the parties are familiar with the facts, we need not recite them here.

Substantial evidence supports the IJ's finding that Suzdaltseva lacked credibility. The IJ delineated specific problems with Suzdaltseva's testimony. Importantly, the IJ found that Suzdaltseva lacked basic knowledge of the tenets of the Jehovah's Witness faith, that significant inconsistencies existed between the facts that Suzdaltseva initially declared and those to which she later testified, and that although Suzdaltseva stated that she feared for her life due to her religious beliefs, she repeatedly returned to Russia after leaving. These inconsistencies were not minor [3] and went to the heart of her claim.[4] Substantial evidence thus supports the IJ's finding, and this court is not compelled to overturn the IJ's finding of adverse credibility.[5] Suzdaltseva has therefore failed to establish past persecution.

Because Suzdaltseva has not demonstrated past persecution, no presumption of a fear of future persecution arises.[6] Moreover, she did not present credible, direct and specific evidence that demonstrated a well-founded fear of future persecution.[7] She therefore failed to establish eligibility for asylum. By failing to qualify for asylum, she thus necessarily failed to meet the more stringent standard of proof required for withholding of removal.[8] Suzdaltseva also failed to meet the "more likely than not" burden of proof required to obtain protection under the Convention Against Torture.[9] Accordingly, we deny the petition.

PETITION DENIED.

---

[*] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. See 8 C.F.R. § 208.16(c).

2. Because the Board of Immigration Appeals affirmed without opinion, we review the IJ's decision as the final agency action. *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 849 (9th Cir.2003). We review credibility findings and the failure to demonstrate eligibility for asylum under the substantial evidence standard. *He v. Ashcroft*, 328 F.3d 593, 595 (9th Cir. 2003); *Ochave v. INS*, 254 F.3d 859, 861–62 (9th Cir.2001).

3. See de Leon–Barrios v. INS, 116 F.3d 391, 393–94 (9th Cir.1997).

4. See Singh v. Ashcroft, 301 F.3d 1109, 1111–12 (9th Cir.2002).

5. de Leon–Barrios, 116 F.3d at 393.

6. See Korablina v. INS, 158 F.3d 1038, 1045 (9th Cir.1998).

7. Molina–Estrada v. INS, 293 F.3d 1089, 1095 (9th Cir.2002).

8. See Halaim v. INS, 358 F.3d 1128, 1132 (9th Cir.2004).

9. See 8 C.F.R. § 208.16(c)(2).